UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30536
Summary Calendar

_____


RUCHELLE CINQUE MAGEE,

                                        Plaintiff-Appellant,


versus


BRUCE BICKHAM, INC.; DELOS JOHNSON;
DUANE BLAIR, Sheriff of Washington Parish,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 93-CV-3263 E
_____
September 20, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

_____

    [*]    Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Ruchell Cinque Magee, California prisoner #A92051, appeals an adverse summary judgment. We review that judgment *de novo*, applying the same standard used by the district court. *E.g.*, **Elliot v. Lynn**, 38 F.3d 188, 190 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1976 (1995).

This notwithstanding, we will not raise and otherwise address legal issues that the appellant has failed to assert. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the judgment. **Brinkman v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987). Magee does not address the merits of the district court's opinion. He contends instead that res judicata should not apply to bar his claim. The district court, however, dismissed Magee's claim not only on res judicata, but also on jurisdictional grounds.

In any event, the district court concluded correctly that it lacked jurisdiction to entertain a collateral attack on state court judgments. **Liedtke v. State Bar of Texas**, 18 F.3d 315, 317 (5th Cir.) *cert. denied*, 115 S. Ct. 271 (1994). Magee's §1983 claim is "inextricably intertwined" with the state court judgments; thus, the district court lacked jurisdiction to consider his complaint. **Reed v. Terrel**, 759 F.2d 472, 473-74 (5th Cir.), *cert. denied*, 474 U.S. 946 (1985).

Magee's motions for appointment of counsel, appointment of a paralegal or investigator, production and inspection of documents and records, to reinstate his appeal, and for judicial notice of the record are **DENIED**.

Magee is cautioned that any additional frivolous appeals filed by him will invite the imposition of sanctions. To avoid sanctions, he is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

**APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED**